**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Emanuel R.,
**Petitioner Below, Petitioner**

**v.) No. 23-305** (ICA No. 22-ICA-156)

**Danielle R., and the West Virginia Department**
**of Human Services**
**Bureau for Child Support Enforcement,**
**Respondents Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Emanuel R. appeals the April 10, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"), which affirmed the Family Court of Cabell County's August 9, 2022,[1] order modifying the petitioner's child support obligations and entering judgment against him for child support arrears.[2] *See Emanuel R. v. Danielle R.*, No. 22-ICA-156, 2023 WL 2863282 (W. Va. Ct. App. Apr. 10, 2023) (memorandum decision). The petitioner argues that the family court and the ICA erred in the evaluation of the petitioner's income, modification of child support, and entry of a judgment for arrearages in child support.

---

[1] There appears to be a slight difference in the date the family court signed the order (August 9, 2022) and the date the order was filed and entered by the clerk (August 11, 2022). As discussed *infra* in note 3, we were not provided with a docket sheet or other information to evaluate the proper entry date of the order and it does not appear to impact this appeal; therefore, we adopt the date of the family court's order used by the ICA, which was August 9, 2022.

[2] Petitioner Emanuel R. is self-represented. Respondent West Virginia Department of Human Services Bureau for Child Support Enforcement ("BCSE") is represented by Allison C. Ojeda. Respondent Danielle R. makes no appearance before this Court. We use initials where necessary to protect the identities of those involved in this case. W. Va. R. App. P. 40(e).

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of appeals involving the Bureau for Child Support Enforcement, the agency is now the Department of Human Services ("DHS").

1

Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision affirming is appropriate.[3] *See* W. Va. R. App. P. 21(c).

Petitioner Emanuel R. and Respondent Danielle R. are the parents of one child, born in 2007. Child custody and support were established and, at the time the petition for modification of child support that is the subject of this appeal was filed, the controlling order for the support obligation was entered in 2015. In October 2021, the petitioner filed a petition to modify child support requesting a decrease based on a change of income. The petitioner's attempted service on Danielle R. was unsuccessful. He filed a supplemental petition to modify on April 20, 2022, with a hearing scheduled on May 23, 2022. The petitioner and the BSCE attended this hearing by phone, but Danielle R. had not been served and did not appear. The petitioner was instructed to consult an attorney regarding his difficulty serving Danielle R., and the family court entered an order removing the case from the docket because she had not been properly served.

On June 1, 2022, the BCSE filed its petition to modify child support and both the petitioner and Danielle R. were served. A notice of an August 1, 2022, hearing was subsequently sent by mail. Danielle R. and the BCSE attended the hearing by phone, but the petitioner did not appear. Although the family court attempted to contact the petitioner, it was unable to reach him. In its August 11, 2022, order resulting from the hearing, the family court attributed full-time minimum wage earnings to the petitioner. It then decreased his monthly support obligation from $535.80 to $226.73 under the relevant formula, effective as of August 1, 2022. In addition, the family court found that the petitioner's support obligation under the prior order was $1,780.37 in arrears, with interest due in the amount of $42.96 as of June 30, 2022, and so awarded Danielle R. a judgment of $1,823.33. The final modification order was entered by the family court on August 9, 2022.

The petitioner appealed to the ICA, raising several assignments of error. Of relevance to the assignments of error raised before this Court, the petitioner argued that the family court failed to consider his decrease in income. The ICA recounted that the petitioner failed to appear at the family court's August 1, 2022, hearing and, therefore, did not present any evidence related to his claim. Because the ICA's review was limited to the evidence developed before the family court, it could not consider his argument. The ICA also found that the family court correctly attributed minimum wage to the petitioner, as there was no evidence that he could not work a full-time

---

[3] The petitioner failed to file an appendix record containing the documents required under Rule 7 of the West Virginia Rules of Appellate Procedure; accordingly, the facts recited here are gleaned from the final family court order and *Emanuel R.*, 2023 WL 2863282, which were appended to the petitioner's notice of appeal, and from the parties' briefs to the extent undisputed. This failure alone would justify affirming the lower tribunals without consideration of the petitioner's assignments of error, but we nevertheless consider his claims to the extent possible. *See In re A.R.P. and A.R.C.*, No. 22-0084, 2023 WL 3969732, *2 (W. Va. June 13, 2023) (memorandum decision) (finding that the failure to include relevant briefing and orders from the family court was fatal to the petitioner's claims on appeal due to a "failure to provide this Court with materials affirmatively showing error below").

minimum wage position, and that the family court determined the (lower) monthly support amount based upon the child support guidelines. The ICA likewise found no merit in the petitioner's other assignments of error. Accordingly, the ICA affirmed the family court's order, finding no clear error or abuse of discretion. *See Emanuel R.*, 2023 WL 2863282, at *3.

The petitioner now appeals to this Court from the ICA's decision, and our review is guided by the following standard:

> On appeal of a final order of a family court from the Intermediate Court of Appeals of West Virginia, the Supreme Court of Appeals of West Virginia shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Supreme Court of Appeals shall review questions of law de novo.

Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024).

Before this Court, the petitioner raises four assignments of error. First, he claims that the family court erred by "retroactively modifying child support so as to retroactively increase [his] child support obligation and prospectively modify child support so as to prospectively increase [his] child support obligation as updated income had decreased more than [fifteen] percent." In his second assigned error, he contends that he did not act fraudulently in reporting his income. He references his October 2021 petition and says, "Updated income was a substantial decrease in previous income. More than 15 percent." Third, the petitioner claims that the ICA "refused the standard of evidence . . . in which [he] did provide evidence of decreased income" when he petitioned for modification in October 2021. Fourth, he argues that the ICA prospectively modified his child support obligation, again referencing his October 2021 petition.

As we understand the petitioner's arguments, he contends that his October 2021 petition controls the modification of his support obligation and that the evidence submitted in support of that petition should have had an impact on the determination of his child support obligation.[4] As stated above, the petitioner's October 2021 petition was dismissed by the family court due to the petitioner's failure to serve Danielle R. The operative petition was the one filed by the BCSE on June 1, 2022, and the relevant proceeding was the August 2022 hearing. The petitioner failed to appear for the hearing on that petition, and he therefore failed to offer evidence in support of his

---

[4] We note that the petitioner appears to raise claimed errors before this Court that were not raised before the ICA. "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)); *accord Vernon M. v. Jan M.*, No. 18-0041, 2019 WL 644001, *1 n. 2 (W. Va. Feb. 15, 2019) (memorandum decision) (quoting and applying the general rule in the appeal of a family court final order to the circuit court). Therefore, we will only consider the assignments of error raised before this Court to the extent that they were also raised before the ICA.

decreased income and any other argument pertaining to the calculation of his child support obligation or arrearage. As the petitioner's arguments all flow from a faulty premise and rely on evidence not presented below, we do not consider them. *See* W. Va. R. App. P. 6(a), in part ("The record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal, the official transcript or recording of proceedings, if any, and the docket entries of the lower tribunal."); W. Va. Code § 51-2A-8(d) (providing that "[t]he recording of the hearing or the transcript of testimony, as the case may be, and the exhibits, together with all documents filed in the proceeding, constitute the exclusive record [in family court proceedings.]"). Consequently, the petitioner has demonstrated no error in the family court's order modifying his child support obligation and entering judgment against him for child support arrears, and his assignments of error lack merit.

Accordingly, the ICA correctly concluded that the petitioner's argument regarding his decrease in income could not be considered and we affirm.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 22, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4